**Jeannot SIMON, on his own behalf and others similarly situated, Plaintiff,**

v.

**LEADERSCAPE LLC, a Florida corporation, and Howard Grayson, individually, Defendants.**

**No. 06–80797–CIV–RYSKAMP/VITUNAC.**

United States District Court, S.D. Florida.

Jan. 8, 2008.

Gregg I. Shavitz and Stacey Hope Cohen of The Shavitz Law Group, P.A., Boca Raton, FL, for plaintiff.

Don Boswell of Akers & Boswell, P.A., West Palm Beach, FL, for defendant.

### ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs Motion for an Award of Attorney's Fees and Costs [**DE 73**], filed on December 3, 2007 Defendant failed to file a response. The motion is now ripe for adjudication.

### I. Introduction:

This is an action to collect overtime wages under the FLSA. 29 U.S.C. § 201 *et seq.* Default judgement was entered against all Defendants. As the prevailing plaintiff, Mr. Simon filed this motion to collect attorney's fees and costs. The FLSA requires that courts award costs and reasonable attorney's fees to a prevailing plaintiff. 29 U.S.C. § 216(b). Thus, since Plaintiff prevailed, he is entitled to attorney's fees and costs. Pursuant to S.D. Fla. Local Rule 7.1(C), failure to timely respond may be sufficient cause to grant the motion by default. Since Defendants have failed to respond, the motion is being granted. This Order, however, discusses the reasonableness of the fees and costs requested by the Shavitz Law Group and the motion is only partially granted on that basis.

### II. Discussion:

The Court has discretion in awarding attorneys fees based on the lodestar framework. The lodestar framework should include only those hours that were reasonably expended on the litigation, and a prevailing party bears the burden of producing the time records that specify for each partner, associate and paralegal the date, hours expended, and nature of the work done so that the Court may audit the hours and determine what the reasonable fee award should be. *See In re First Colonial Corp. Of America* 544 F.2d 1291, 1300 (5th Cir.1977). A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable

skills, experience, and reputation." *ACLU v. Barnes,* 168 F.3d 423, 426 (11th Cir. 1999). "Satisfactory evidence" of the prevailing market rate requires more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances. *Harbaugh v. Greslin,* 365 F.Supp.2d 1274, 1281 (S.D.Fla.2005).

### A. Rates:

 The Court has final discretion as to the reasonableness of the rates. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman v. Hous. Auth. Of City of Montgomery* 836 F.2d 1292 (11th Cir.1988). The Court is itself considered an expert and can make an informed judgment as to a proper award of fees even without the benefit of outside testimony. *Id.* at 1303.

To determine the reasonableness of rates, this Court is guided in part by two articles regarding attorney rates. First, is the Florida Bar's 2004 Economics and Law Office Management Survey. This survey indicates that less than 50% of attorneys in Florida charge of attorney's charge more than $200 per hour, and only 13% charge $300 or more per hour. *See* Fla. Bar News, Feb. 1, 2005 at 14.

Second, is a December 31, 2007 article appearing in the *Daily Business Review* titled "Still Expanding." That article reported survey results from "the nation's 250 largest law firms to provide a range of hourly billing rates for partners and associates." Three of the reporting firms are headquartered in Florida. Broad and Cassel of Orlando reported an average fee of $361 per hour for partners and $232 for associates. Carlton Fields, of Tampa, reported an average fee of $406 for partners and $243 for associates. Finally, Gray Robinson, of Orlando, reported an average fee of $319 for partners and $198 for associates.

Based on this Court's own expertise in determining the reasonableness of attorney's fees as well as the above articles, this Court concludes that Mr. Shavitz will be awarded $275 per hour, Ms. Cohen will receive $175, Mr. Anderson is entitled to $200, and Ms. Semexant and Ms. Zambrano are entitled to $75.

### B. Hours:

 The next step in calculating attorney's fees is to calculate the reasonable hours that should be expended on similar litigation. The party seeking the fees must keep "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983). Additionally, when considering the detailed list of tasks, the Court considers the "possibility that reported hours include duplication by reviewing with particular care the numbers of lawyers present and by evaluating the roles played by the lawyers in the litigation generally." *Id.* at 554.

 After a thorough review of the record, this Court holds that Plaintiff is not entitled to all of the hours reported. This Court is particularly concerned with two areas reported in the billing statement. First, are those hours reported for Plaintiff's efforts to garner a settlement of the claim and second, hours reported just before trial including time spent preparing motions for default and trial appearances.

 First, Plaintiff sought a settlement with Defendants in this matter. Although this Court generally encourages this behavior, the Court will deduct any

hours spent seeking out a settlement in this case. Pursuant to the direction provided by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.1982), claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., may be settled or compromised only with the approval of the Court or the Secretary of Labor. Thus, the Court must personally review the settlement agreement, and based on that review, determine whether to accept the agreement.

In this case, the parties allegedly reached a settlement agreement but Plaintiff never sought approval from the Court. In fact, Plaintiff filed a motion with this Court seeking assistance in enforcing the terms of the alleged settlement agreement. This Court explained the law in its Order denying the motion to enforce the settlement agreement.

In the current motion, Mr. Shavitz represents that his practice "concentrates" in FLSA litigation and that he has filed over 3000 FLSA cases since 1994. Since the *Lynn's Food Stores* holding, established in 1982, is a bedrock principle of FLSA litigation in the Eleventh Circuit, this Court holds that because the settlement agreement was not filed, Plaintiff cannot collect fees for the time spent attempting to reach a settlement or preparing the motion to enforce the settlement agreement.

Second, Plaintiff is correct that a defendant cannot engage in tenacious litigation and then complain about a plaintiff's fees incurred in responding to those antagonistic tactics. Likewise, however, a plaintiff must always attempt to litigate a matter in the most efficient means possible. As such, this court is at a loss as to why Plaintiff failed to file a motion for summary judgment and instead waited to file motions for default. Since the remaining defendants had already answered, the case had to be called for trial and a default could only be entered once the remaining Defendants failed to appear at trial. Thus, Plaintiff's attorney's spent numerous hours preparing multiple motions for default and preparing for trial, all of which would have been unnecessary if a motion for summary judgement had been filed. As such, this Court will not award any time spent in preparing for trial or in preparing the multiple motions for default.

Additionally, this Court notes that the Shavitz firm charged Plaintiff for time spent reviewing notices sent informing individuals from the firm that he or she had improperly filed a document. It has also requested fees to cover Plaintiff's requests for extension of time in filing the instant motion. Defendants are not responsible for fees incurred from Plaintiff's mistakes nor are they responsible for Plaintiff's requests for additional time.

Based on the above, Plaintiff will receive recovery for 44 hours of services rendered at the various rates afforded each employee as explained above. This Court has concluded that Mr. Shavitz worked 18.1 hours; Ms. Cohen worked 10.6 hours; Mr. Anderson worked 0 hours; Ms. Semexant worked 4.6 hours; and Ms. Zambrano worked 10.7 hours.

### III. Conclusion

Based on the foregoing, and after careful consideration of the motion and the record, it is hereby, ORDERED AND ADJUDGED that:

Plaintiff's Motion for Fees and Costs against Defendants **[DE 73]** is PARTIALLY GRANTED. Judgment is entered in favor of Plaintiff against Defendants, jointly and severally, for Attorney's Fees in the amount of $7527.50 and costs in the

amount of $450.00. This is a total award of $7977.50.